**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER M. CAUVIN,

         Petitioner,

   v.

DOUGLAS VASBINDER,

         Respondent,

_____/

Case No. 04-CV-73330-DT
HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

## OPINION AND ORDER GRANTING THE MOTION TO VOLUNTARILY DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Peter M. Cauvin, ("petitioner"), presently confined at the Cotton

Correctional Facility in Jackson, Michigan, has sought the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges his conviction on two counts of first-degree criminal sexual conduct,

M.C.L.A. 750.520b(1)(a).  Petitioner has now filed a motion to voluntarily dismiss

his petition for writ of habeas corpus so that he can return to the state courts to

exhaust some of his claims with the state courts.  For the reasons stated below,

the Court will allow petitioner to voluntarily withdraw his habeas petition.  The

Court will further hold the petition in abeyance and will stay the proceedings

under the terms outlined below in the opinion to permit petitioner to return to the

state courts to exhaust his additional claims, failing which the petition shall be

*Cauvin v. Vasbinder,* 04-73330-DT

dismissed without prejudice.  The Court will also administratively close the case.

## I. Discussion

Petitioner has moved to voluntarily dismiss his habeas petition without prejudice, so that he may return to the state courts to exhaust claims which he alleges were not properly exhausted with the state courts.

Fed.R.Civ.P. 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999).  In this case, petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that the respondent will suffer some plain prejudice from the dismissal other than the prospect of a second habeas petition later on. *Id.* at 1260.

The Court also notes that subject to certain exceptions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b).  In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409

2

*Cauvin v. Vasbinder,* 04-73330-DT

(10th Cir. 1993).  In this case, petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds after he returns to the state courts to exhaust any additional claims. *See Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2nd Cir. 2003).

The Court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997).  Unlike the habeas petitioner in *Felder,* petitioner filed his motion to withdraw his habeas petition prior to any decision being rendered by the Court.  There is no indication that petitioner's motion was filed in bad faith.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr*

3

*Cauvin v. Vasbinder,* 04-73330-DT

*v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there is the possibility that petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts.  The filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).  However, the Supreme Court's decision in *Duncan* did not preclude federal district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* 533 U.S. at 182-83 (Stevens, J., concurring). *See also Palmer v. Carlton,* 276 F. 3d 777, 780-81 (6th Cir. 2002)(implicitly adopting Justice Stevens' recommended course of action).

In this case, the outright dismissal of the petition, albeit without prejudice, may result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and

4

*Cauvin v. Vasbinder,* 04-73330-DT

hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

The United States Supreme Court has recently ruled that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

5

*Cauvin v. Vasbinder,* 04-73330-DT

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance.  This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See e.g. Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III.  ORDER

Accordingly, **IT IS HEREBY ORDERED** that the motion to voluntarily dismiss the petition for writ of habeas corpus is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-

6

*Cauvin v. Vasbinder,* 04-73330-DT

conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock,* 207 F. Supp. 2d at 677.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Case Manager

7